IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Darin Jones<br>2202 Conquest Way<br>Odenton, MD 21113<br><br>    Plaintiff,<br><br>v.<br><br>U.S. Department of Justice, and<br><br>Federal Bureau of Investigation,<br><br>    Defendants. | Civil Action No. ___-cv-_____-___<br><br>**Jury Trial Demanded** |

## COMPLAINT

NOW COMES Plaintiff, Darin Jones (herein referred to as "Jones", "Plaintiff") by way of his attorney, Morris E. Fischer, Esq. and sues the U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI"), herein referred to as "Defendants," for reasons therefore states, that at all times mentioned in this complaint:

### COMPLAINT AND REQUEST FOR JURY TRIAL

#### Preliminary Statement

This is an action by Plaintiff to redress actions taken individually and collectively by Defendants based on Title VII of the Civil Rights Act of 1964, and 42 U.S.C.S. § 2000e *et seq.*

#### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331 for claims arising under federal law, i.e., 42 U.S.C.S. § 2000e-3.

2. There is an actual controversy between Plaintiff and Defendants.

3. Plaintiff was employed by the Defendants as a Supervisory Contract Specialist.

4. Plaintiff timely filed a Merit Systems Protection Board ("MSPB") administrative complaint, listing Title VII as a basis for termination.

5. Plaintiff went through the administrative process with the MSPB.

6. Plaintiff's MSPB case was dismissed due to lack of jurisdiction.

7. The merits of Plaintiff's MSPB case were never decided.

8. Plaintiff received the MSPB dismissal on December 6, 2012 (Exhibit "1").

9. Upon information and belief, Defendants are a federal agencies located in Washington, DC.

10. At all times relevant to this case, Defendants have been employers and have engaged in an industry affecting commerce, have employed fifteen or more employees, and otherwise have been employers, within the meaning of 42 U.S.C. Sec 2000(b).

## FACTS

11. At all times herein mentioned, Plaintiff was employed by the Defendants as a Supervisory Contract Specialist (Exhibit "2").

12. At all times herein mentioned, Plaintiff was assigned to the U.S. Department of Justice (Exhibit "2").

13. On August 15, Darin Jones filed formal EEO complaint against DOJ.

14. On August 23, 2012, Darin Jones was told that his EEO complaint was lost.

15. On August 23, 2012, Darin Jones re-filed his EEO complaint with Michelle Eiland.

16. The next day, on August 24, 2012, the DOJ terminated Darin Jones.

17. Darin Jones was told by Richard Haley and Janice Lambert of the termination for failure to meet FBI suitability standards.

18. Darin Jones was never provided any written notice from the FBI while in his 1st year that he was not meeting suitability standards.

### FIRST CAUSE OF ACTION
### RETALIATION

Plaintiff hereby re-alleges and incorporates by reference all paragraphs.

19. Title VII prevents an employer from taking adverse action against an employee for engaging in protected conduct, i.e., opposing illegal employment practices.

20. A prima facie case of retaliation is established by proof that
    a. The Plaintiff engaged in statutorily protected opposition or participation
    b. An adverse employment action occurred
    c. There was a causal link between the opposition or participation and the adverse employment action.

21. By complaining about employment practices at the DOJ, Plaintiff engaged in protected conduct.

22. Plaintiff also had prior EEO activity against DOJ.

23. There was a causal link between the Plaintiff's protected conduct and the DOJ's aforementioned employment actions.

WHEREFORE, Plaintiff prays that he be awarded the following relief: (a) $300,000.00 for pain and suffering; (b) $2,000,000.00 for back pay; (c) attorneys' fees; and (d) any other relief the Court may deem proper.

### SECOND CAUSE OF ACTION
### GENDER DISCRIMINATION

Plaintiff hereby re-alleges and incorporates by reference all paragraphs.

24. Title VII prevents an employer from taking adverse employment actions against an individual's gender.

25. Plaintiff is a male.

26. Plaintiff was discriminated in the aforementioned due to his gender.

27. Plaintiff's original EEO complaint was rooted in gender discrimination.

28. Plaintiff suffered adverse employment actions.

29. There was a causal link between the Plaintiff's gender and Defendants' aforementioned employment actions.

30. Plaintiff's gender was a motivating factor in Defendants' decisions to take adverse actions against him.

31. Plaintiff's gender was the motivating factor in Defendants' decisions to take adverse actions against him.

WHEREFORE, Plaintiff prays that he be awarded the following relief: (a) $300,000.00 for pain and suffering; (b) $2,000,000.00 for back pay; (c) attorneys' fees; and (d) any other relief the Court may deem proper.

_____
Morris E. Fischer, Esq.
1400 Spring Street
Ste. 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
morris@mfischerlaw.com
Counsel for Plaintiff

## PLAINTIFF'S JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff by counsel herein serves his jury demand upon Defendant. Plaintiff herein demands a jury on all issues triable in his case, as listed in his complaint.

_____
Morris E. Fischer, Esq.
1400 Spring Street
Ste. 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
morris@mfischerlaw.com
Counsel for Plaintiff