UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DARIN JONES,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:13-8 (RMC) |
| **U.S. DEPARTMENT OF JUSTICE,** *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**OPINION**

Plaintiff Darin Jones, who presently proceeds *pro se*, brings this action against Defendants U.S. Department of Justice (DOJ) and the Federal Bureau of Investigation (FBI), seeking damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for retaliation and gender and age discrimination.  Before the Court is Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, Mr. Jones' Motion to Amend Complaint to Add Race Discrimination, Mr. Jones' Surreply, which the Court construes as a Motion for Default Judgment, and Defendants' Motion to Strike Mr. Jones' Surreply.  For the reasons below, the motion to dismiss or for summary judgment will be granted and the motion to strike will be denied.  Mr. Jones' motions will be denied.

**I.  FACTS**

Starting in August 2011, Mr. Jones was employed by FBI as a Supervisory Contract Specialist and was assigned to work at DOJ.  Compl. [Dkt. 1] ¶ 11; Answer [Dkt. 3] ¶ 11.  Mr. Jones believed that he was promised a financial incentive—a pay-match based on a private sector job offer—to come work for FBI.  *See* Mot. to Dismiss or For Summ. J. [Dkt. 21]

1

(Defs. Mot.), Report of Counseling [Dkt. 21-1] at 3.  After he had already begun working for FBI, however, Mr. Jones was informed that he was not entitled to matching pay.  *Id.*  In July 2012, Mr. Jones complained of race, sex, and age discrimination based on the denial of matching pay and retaliation for pursuing the matching pay issue.  *Id*. at 2-3.  Mr. Jones filed a formal equal employment opportunity (EEO) complaint on August 15, 2012, alleging race, sex, and age discrimination and reprisal due to FBI's failure to match pay and FBI's denial of his application for student-loan repayment assistance.  *See* Defs. Mot., Formal EEO Complaint [Dkt. 21-2] at 1-2.  By letter dated August 22, 2012, one week before the end of Mr. Jones' probationary period, DOJ notified Mr. Jones that his employment would be terminated effective August 24, 2012 for failure to meet FBI suitability standards.  *Id*., Termination Letter [Dkt. 21-3].  Apparently, the letter dated August 22, 2015 was given to Mr. Jones on August 24, 2105, his termination date.  *See* Opp. to Def. Statement of Facts [Dkt. 27-1] at 2.[1]

        Mr. Jones appealed his termination to the Merit Systems Protection Board (MSPB) on September 20, 2012, alleging that he was terminated "because of either: (1) the filing of an EEO Complaint in August 2012; or (2) disclosures that were protected under whistleblower protection."  Defs. Mot., MSPB Form 185 [Dkt. 21-4] at 3 (MSPB Appeal).  Before MSPB, Mr. Jones argued that (1) he was entitled to appeal his termination to MSPB because his prior military service qualified him as preference-eligible and (2) his prior federal service with another agency meant that he was not a probationary employee and, therefore, had appeal rights as a regular employee.  *See* Compl., Ex. 1 (MSPB Initial Decision) at 2.

---

[1] Mr. Jones states that he "had no knowledge whatsoever of the existence of this [termination] letter until it was given to him on August 24, 2012."  Opp. to Def. Statement of Facts at 2.  The date on which Mr. Jones received the termination letter is not material to this Opinion.

MSPB dismissed Mr. Jones' appeal for lack of jurisdiction on December 6, 2012. *Id*. at 1, 2 ("Employees of the FBI who are not preference-eligible do not have the right to appeal adverse actions to the Board."). MSPB concluded that the dates of Mr. Jones' service in the Navy did not qualify him as preference-eligible to appeal his discharge to MSPB. *Id*. at 4. MSPB's Initial Decision specified that it was an "initial decision" that would "become final on **January 10, 2013**, unless a petition for review is filed by that date." *Id*. at 4 (emphasis in original). Further, MSPB's Initial Decision clearly directed that Mr. Jones could ask for Board review of the Initial Decision by filing a petition for review or could seek judicial review of the Board's Final Decision by filing a petition with the United States Court of Appeals for the Federal Circuit. *Id*. at 5, 8.

In response to Mr. Jones' August 2012 Formal EEO Complaint, FBI's Office of Equal Employment Opportunity Affairs (FBI OEEOA) notified Mr. Jones by letter dated December 7, 2012 that it would investigate his race, sex, and age claims regarding the denial of matching pay and his race, sex, age, and retaliation claims regarding the rejection of his student loan repayment application. *See* Defs. Mot., OEEOA Letter [Dkt. 21-5] at 1-2. FBI OEEOA rejected Mr. Jones' retaliation claim based on the failure to match private-sector pay because he had alleged he was retaliated against due to comments made in a January 2012 meeting with supervisors and others, which does not constitute EEO-protected activity. *Id*. By letter to FBI OEEOA dated December 21, 2012, Mr. Jones' counsel tried to add a claim for discriminatory discharge to his Formal EEO Complaint. *See, id.*, Jones Ltr. [Dkt. 21-6] at 1.

Mr. Jones filed this lawsuit on January 4, 2013, alleging retaliation and discrimination on the basis of gender and age in violation of Title VII. Compl. ¶¶ 19-31.[2] Defendants filed an Answer to the Complaint on April 18, 2013 and asserted the affirmative defenses that Mr. Jones failed to state a claim upon which relief may be granted and that he had failed to exhaust his administrative remedies. *See* Answer at 1. The Court held an initial scheduling conference on May 5, 2013 and set a fact-discovery deadline of December 5, 2013, which was extended until December 31, 2014.[3] *See* Scheduling Order [Dkt. 6]; Minute Order 10/24/13; Minute Order 6/10/14; Minute Order 9/29/14.

On October 28, 2013, MSPB affirmed its Initial Decision dismissing Mr. Jones' appeal for lack of jurisdiction. *See* Opp'n at 3 n. 3. Mr. Jones appealed MSPB's decision to the U.S. Court of Appeals for the Federal Circuit, which affirmed MSPB on March 18, 2015. *See Jones v. MSPB*, No. 2014-3050 (Fed. Cir. March 18, 2015), *reh'g denied* (April 8, 2015).

By letter dated April 4, 2013, FBI OEEOA advised Mr. Jones that it could not amend his Formal EEO Complaint to add a claim based on his discharge because he had already filed suit here alleging the same claim. *See* Defs. Mot., OEEOA Ltr. [Dkt. 21-7] at 1.

On April 15, 2014, Mr. Jones moved to amend his Complaint to add a claim for "termination based on age." *See* Mot. to Amend [Dkt. 13] at 2. Defendants did not oppose and the Court granted the motion. *See* Minute Order 5/9/14.

---

[2] At that time and until March 31, 2014, Mr. Jones was represented by counsel. He is currently proceeding *pro se*. *See* Mot. to Withdraw as Att'y [Dkt. 12]. Mr. Jones is licensed to practice law in both Florida and the District of Columbia, but states that he has not practiced law since being admitted to either Bar. *See* Mot. to Amend [Dkt. 13] at 1 n.1.

[3] On October 8, 2013, the case was temporarily stayed due to the unanticipated length of the lapse of government appropriations. *See* Minute Order 10/2/13; Minute Order 10/8/13. Discovery has been stayed since October 22, 2014 pending briefing and resolution of Defendants' motion to dismiss or for summary judgment. *See* Order [Dkt. 25].

Defendants filed their motion to dismiss or for summary judgment on October 10, 2014. *See* Defs. Mot. In addition, currently pending before the Court are Mr. Jones' motion to amend his complaint to add a claim for race discrimination, Mr. Jones' two motions to compel production of documents, Mr. Jones' Surreply, which the Court construes as a Motion for Default Judgment, and Defendants' Motion to Strike Mr. Jones' Surreply. *See* Mot. to Amend Complaint [Dkt. 16]; Mots. to Compel [Dkts. 17 and 19]; Response to Defendants' Reply [Dkt. 29] (Default Mot.); Mot. to Strike [Dkt. 30].

## II. LEGAL STANDARD

Defendants styled their motion as a Motion to Dismiss or for Summary Judgment. Because Defendants had already filed an Answer to Mr. Jones' Complaint, *see* Ans. [Dkt. 3], a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is untimely. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). "[C]ourts routinely treat motions to dismiss that are filed after a responsive pleading has been made as a motion for judgment on the pleadings." *Langley v. Napolitano,* 677 F. Supp. 2d 261, 263 (D.D.C. 2010).

However, the Court finds that Defendants' motion should be construed as a motion for summary judgment. FBI attached various exhibits, including affidavits, to its motion, some of which are not referenced in the Complaint and are therefore outside the scope of the pleadings. The Court has considered these materials in ruling on Defendants' motion.

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). On summary judgment, the burden on a moving party

who does not bear the ultimate burden of proof may be satisfied by making a showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In ruling on a motion for summary judgment, a district court must draw all justifiable inferences in the nonmoving party's favor. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

### III. ANALYSIS

The first problem in this case is that Mr. Jones admittedly filed his complaint before he had a final MSPB decision. The second problem is that Mr. Jones never raised his claims of discrimination due to race, age, or gender to MSPB before bringing them to this Court. Therefore, Mr. Jones has not exhausted his administrative remedies with respect to any of his claims and the Court will dismiss his Complaint without prejudice. Because Defendants timely answered the Complaint, the Court will deny Mr. Jones' motion for default judgment.

#### A. Mr. Jones Failed to Exhaust His Administrative Remedies

Before bringing suit under Title VII in federal court, a federal employee must exhaust his administrative remedies. *See Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999). "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985).

Failure to exhaust is not a jurisdictional bar to bringing suit under Title VII.[4] *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985) ("Exhaustion under Title VII, like other procedural devices, should never be allowed to become so formidable a demand that it obscures the clear congressional purpose of 'rooting out . . . every vestige of employment discrimination within the federal government.'") (internal citation omitted). Rather, "untimely exhaustion of administrative remedies is an affirmative defense," which "the defendant bears the burden of pleading and proving." *Bowden*, 106 F.3d at 437; *Proctor v. District of Columbia*, 2014 WL 6676232, at *11 (D.D.C. Nov. 25, 2014). If a defendant meets that burden, "the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Bowden*, 106 F.3d at 437; *Proctor*, 2014 WL 6676232, at *11. Courts may excuse failure to exhaust administrative remedies under the equitable doctrines of waiver, estoppel or tolling. *See Bowden*, 106 F.3d at 437.

A claimant must navigate complex requirements for processing employment discrimination claims. Generally, an employee must seek relief from the Equal Employment Opportunity department of his employing agency, as detailed in Section 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c). In certain cases, a federal employee affected by an adverse employment action, such as discharge, may instead bring any related Title VII claims

---

[4] Defendants cite *Hooker-Robinson v. Rice*, 2006 WL 2130652 (D.D.C. 2006) and *Doe v. U.S. Dep't of Justice*, 660 F. Supp. 2d 31 (D.D.C. 2009) for support of their argument. Both cases treated failure to exhaust as a jurisdictional defect. The recent trend in this district is to treat failure to exhaust under Title VII as a failure to state a claim rather than as a jurisdictional defect. *See, e.g., Williams-Jones v. Lahood*, 656 F. Supp. 2d 63, 66 (D.D.C. 2009); *Hicklin v. McDonald*, 2015 WL 3544449, at *2 (D.D.C. June 8, 2015); *Proctor*, 2014 WL 6676232, at *11.

in connection with an appeal of the adverse employment action to MSPB.  *See* 5 U.S.C. § 7512;[5] 5 U.S.C. § 7513(d); *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004) ("Although the MSPB does not have jurisdiction over discrimination claims that are not related to adverse actions, it can entertain appeals in 'mixed cases.'").  MSPB is an independent, quasi-judicial federal administrative agency that was established by the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, to review civil service decisions.  *See* 5 U.S.C. § 7701.  Supplemented by EEOC and MSPB regulations, the CSRA sets forth the statutory framework for "addressing the procedural path of a mixed case—an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination." *Butler*, 164 F.3d at 637-38 (citing 5 U.S.C. § 7702).  A plaintiff may file a mixed-case complaint with his agency's EEO office or with MSPB, but not both.  *See* 29 C.F.R. § 1614.302(b).  "Whichever is filed first shall be considered an election to proceed in that forum," *id.*, and a plaintiff must then exhaust his remedies in that forum.  *See Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990) (holding that a federal employee must exhaust chosen avenue of administrative relief prior to bringing a Title VII action); *Williams v. Munoz*, 106 F. Supp. 2d 40, 43 (D.D.C. 2000) ("A plaintiff is required to exhaust [his] claims in the forum []he has chosen before filing a civil action.").

---

[5] MSPB only has jurisdiction over certain adverse employment actions affecting federal employees, such as discharges, suspensions, and demotions.  *See* 5 U.S.C. § 7512.  Probationary employees are not afforded the full rights that tenured employees have to appeal adverse employment actions to MSPB.  *See, e.g., id.* § 4303(e); *U.S. Dept. of Justice, I.N.S. v. Fed. Labor Relations Auth.*, 709 F.2d 724, 728 (D.C. Cir. 1983) ("The substantial protections that Congress made available only to tenured employees indicate that Congress recognized and approved of the inextricable link between the effective operation of the probationary period and the agency's right to summary termination.").

Where, as here, a plaintiff first elects to file an appeal to MSPB, an Administrative Judge is assigned to the case and "takes evidence and eventually makes findings of fact and conclusions of law." *Butler*, 164 F.3d at 638. Within 120 days of the filing of the mixed-case appeal, the Board is to "decide both the issue of discrimination and the appealable action." 5 U.S.C. § 7702(a)(1). An initial decision of an Administrative Judge "becomes a final decision if neither party, nor the MSPB on its own motion, seeks further review within thirty-five days." *Butler*, 164 F.3d at 638; 5 C.F.R. § 1201.113. "However, both the complainant and the agency can petition the full Board to review an initial decision. Should the Board deny the petition for review, the initial decision becomes final, *see* 5 C.F.R. § 1201.113(b); if the Board grants the petition, its decision is final when issued. See 5 C.F.R. § 1201.113(c)." *Butler*, 164 F.3d at 639. A plaintiff may file a civil suit in district court within thirty days after a *final* MSPB decision. *See* 5 U.S.C. § 7703(b). Alternately, "if the MSPB fails to render a judicially reviewable decision within 120 days from the filing of a mixed case appeal, the aggrieved party can pursue [his] claim in federal district court." *Butler*, 164 F.3d at 639; 5 U.S.C. § 7702(e)(1)(B).

### 1. Retaliation Claim

Mr. Jones has not exhausted his administrative remedies with regard to his retaliation claim because there has been no *final* MSPB decision on this claim. Mr. Jones sues here on the basis of MSPB's Initial Decision. The D.C. Circuit has explained the difference between an MSPB *initial* decision and an MSPB *final* decision:

> While an initial decision can convert to a final decision with either the passage of thirty-five days or the denial of all outstanding petitions for review, it can also be overturned or modified by the Board, in which case it will never be reviewable by the courts in its initial form. Furthermore, throughout the thirty-five-day period following the issuance of an initial decision, the parties can each

> petition for another round of review from the Board. *Once a decision becomes final, however, a losing party's only recourse lies in the courts*.

*Butler*, 164 F.3d at 640 (emphasis added). Plainly, only a *final* MSPB decision is judicially reviewable. *See also* 5 C.F.R. § 1201.113 ("Administrative remedies are exhausted when a decision becomes final in accordance with this section."). MSPB's Initial Decision, rendered on December 6, 2012, would only have become a final decision subject to judicial review on January 10, 2013 if neither party, nor MSPB, sought further review by that date—6 days *after* Mr. Jones filed his complaint here on January 4, 2013. *See Butler*, 164 F.3d at 638; 5 C.F.R. § 1201.113. Because MSPB's Initial Decision had not converted to a final decision at the time he filed suit here, Mr. Jones did not exhaust his administrative remedies with respect to his retaliation claim.

Although 5 U.S.C. § 7702(e)(1)(B) may provide an alternative avenue to district court, Mr. Jones cannot avail himself of it. Under 5 U.S.C. § 7702(e)(1)(B), a claimant can seek judicial review if, "after filing a mixed case appeal with the MSPB, *120 days* elapse without *final* MSPB action." *Butler*, 164 F.3d at 643 (emphasis added). Mr. Jones filed his mixed-case appeal with MSPB on September 20, 2012. *See* MSPB Appeal at 2. Therefore, absent a final MSPB decision, Mr. Jones would have been entitled to file suit here on January 18, 2013, but he filed his Complaint 14 days earlier. *See id*. Mr. Jones has not abided by the fundamental directive governing exhaustion of administrative remedies: "The rule is simple: file in the time allotted, and neither before nor after." *Tolbert*, 916 F.2d at 249.

Mr. Jones concedes that he has filed here without a final MSPB decision. *See* Opp'n [Dkt. 27] at 4 n.4 ("Plaintiff's Complaint was filed six (6) days early" and "Plaintiff admits that his Complaint [Dkt. 1] was filed by his former attorney on January 4, 2013,

10

seventeen days before January 21, 2013.").[6]  Because Mr. Jones failed to exhaust administrative remedies, his retaliation claim will be dismissed.

### 2. Discrimination Claims

Defendants argue that Mr. Jones also failed to exhaust administrative remedies with respect to his claims of discriminatory discharge on the bases of gender, age, or race because he never raised them in front of MSPB.  For that reason, Defendants argue that Mr. Jones' Motion to Amend Complaint to add a claim for discharge based on race should be denied as futile and his claims for gender and age discrimination should be dismissed.  *See* Defs. Mot. at 16.  The Court agrees.

Mr. Jones appealed his discharge from FBI to MSPB on September 20, 2012, arguing that he was fired "because of either: (1) the filing of an EEO Complaint in August 2012 [i.e., retaliation];[7] or (2) disclosures that were protected under whistleblower protection."  MSPB Appeal at 3.  Mr. Jones chose MSPB over the EEO process for all discrimination claims behind his discharge.  *See* 29 C.F.R. § 1614.302(b) ("Whichever is filed first shall be considered an election to proceed in that forum"); *Tolbert*, 916 F.2d at 248 (holding that a federal employee must exhaust chosen avenue of administrative relief prior to bringing a Title VII action); *Williams*, 106 F. Supp. 2d at 43.  Mr. Jones then attempted to amend his Formal EEO Complaint to add a claim for discriminatory discharge by letter dated December 21, 2012, three months after he filed his MSPB appeal.  *See* Jones Ltr. at 1.[8]  However, because he elected to appeal his

---

[6] The Court calculates that January 18, 2013 and not January 21, 2013 is 120 days after Mr. Jones filed his MSPB appeal on September 20, 2012.

[7] The "filing of an EEO Complaint" is protected EEO activity for which retaliation is unlawful. *See* 42 U.S.C. § 2000e-3(a).

[8] Mr. Jones' Formal EEO complaint, filed on August 15, 2012—prior to his discharge—alleged race, sex, age and reprisal discrimination arising from the denial of matching pay and rejection of

11

termination to MSPB first, Mr. Jones elected to pursue all of his claims for wrongful termination in that forum.

Mr. Jones' MSPB Appeal included only his allegation of retaliatory discharge for protected EEO activity.  *See generally* MSPB Appeal.  His current argument that he "*would have* added his wrongful termination claims of discrimination based on gender, race, and age" to his MSPB appeal is unavailing.  *See* Opp'n at 5 (emphasis added).  The rules for exhaustion are not expressed in the conditional.  Mr. Jones cannot avoid the fact that he failed to raise any claims of gender, race, and age discrimination in the MSPB Appeal.  Accordingly, the Court will dismiss his claims for gender and age discrimination and will deny his motion to amend his Complaint to add a claim of race discrimination as futile.[9]

### B. Mr. Jones' Failure to Exhaust Administrative Remedies is Not Excused

Despite admitting that he filed suit here too early, Mr. Jones argues that Defendants have failed to demonstrate that his premature filing has "prejudiced their defense in any manner or caused an undue burden." Opp'n at 4.  He maintains that "the conduct of the parties for twenty-two months [between the filing of the Complaint on January 4, 2013 and the filing of Defendants' motion for summary judgment on October 10, 2014] demonstrates a properly filed Complaint where the administrative remedies were exhausted." *Id*. at 5.  Prejudice is not an element of proving failure to exhaust administrative remedies.  The Court construes Mr.

---

his student loan repayment application.  *See* Formal EEO Complaint at 1-2.  None of these claims is a subject of the instant suit.

[9] "[F]utility of amendment" is a reason to deny leave to file an amended complaint. *Forman v. Davis*, 371 U.S. 178, 182 (1962).  An amendment is futile if it "could not withstand a motion to dismiss." *Pietsch v. McKissack & McKissack*, 677 F. Supp. 2d 325, 328 (D.D.C. 2010).  Since Mr. Jones did not exhaust his race discrimination claim before MSPB, his proposed amendment would not survive a motion to dismiss.

Jones' argument as a request that the Court use its equitable discretion to excuse the requirement of administrative exhaustion.

The Court recognizes that the parties have expended resources litigating this suit, as evidenced by the fact that they have engaged in discovery for over 15 months—from June 5, 2013 until October 22, 2014, excluding a temporary stay during the lapse of government appropriations in October 2013.  *See* Minute Order 10/2/13; Minute Order 10/8/13; Order [Dkt. 25] at 2.  Nonetheless, Mr. Jones presents no reason why he filed suit here before he had obtained a final agency decision from MSPB on his retaliation claim and why he never presented MSPB with his other discrimination claims.  Mr. Jones' current *pro se* status provides no basis to excuse his failure to exhaust administrative remedies because he was represented by counsel when he filed suit.  In addition, the Court notes that Defendants raised failure to exhaust administrative remedies as an affirmative defense in their Answer filed on April 18, 2013, and thus did not waive their right to assert the argument now.  S*ee* Answer [Dkt. 3] at 1.  Mr. Jones has not met his "burden of pleading and proving facts supporting equitable avoidance of the defense" of failure to exhaust administrative remedies.  *Bowden*, 106 F.3d at 437; *Proctor*, 2014 WL 6676232, at *11.

### C. Mr. Jones' Motion for Default Judgment Will be Denied

Mr. Jones filed a surreply, in which he argues that he is entitled to a default judgment because Defendants failed to timely respond to the January 4, 2013 Summons.  *See* Default Mot. at 1. The Court construes Mr. Jones' surreply as a motion for default judgment. Defendants move to strike the surreply.  *See* Mot. to Strike at 3.

Mr. Jones argues that he is entitled to default judgment because Defendants filed an Answer on April 18, 2013, more than 60 days after the Summons was issued on January 4,

13

2013.  *See* Default Mot. at 1.  He is incorrect.  Service was perfected on the United States Attorney's Office on February 21, 2013, *see* Mot. to Strike, Attachment 1, thus, Defendants' Answer was timely.  *See* Fed. R. Civ. P. 12(a)(2) (the federal government must file a responsive pleading within 60 days after service of process on the United States attorney).  Mr. Jones' motion for default judgment and Defendants' motion to strike will be denied.

## IV.  CONCLUSION

For the reasons above, the Court will grant Defendants' Motion to Dismiss or for Summary Judgment, Dkt. 21, and will deny Mr. Jones' Motion to Amend Complaint to Add Race Discrimination, Dkt. 16.  The Court will deny Mr. Jones' motion for default judgment, Dkt. 29, and deny Defendants' Motion to Strike Plaintiff's Surreply, Dkt. 30.  The Court will dismiss this case without prejudice because Mr. Jones failed to exhaust his administrative remedies with respect to any of his claims.  A memorializing Order accompanies this Opinion.

Date: July 1, 2015

/s/
ROSEMARY M. COLLYER
United States District Judge