# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **DARIN JONES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-08 (RMC) |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE,** *et al.*, | ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Before the Court is Darin Jones' *pro se* Motion to Reopen Based on Change in Law, or in the Alternative, Based on Oversight, which, for reasons explained below, the Court construes as a Motion for Reconsideration Under Rule 60(a), or in the Alternative, Under Rule 60(b) ("Mot. for Reconsideration") [Dkt. 38]. This Court ordered the Government to respond to Mr. Jones' Motion by December 6, 2017. Apparently disinclined to do so, the Government did not file a response. Undeterred, Mr. Jones filed a Reply to Defendants Failure to Respond to Judge Collyer's 11/8/2017 Minute Order on December 20, 2017 (Def.'s Reply), which the Court will construe as a reply in support of Mr. Jones' Motion for Reconsideration. For the reasons below, Mr. Jones' motion will be denied.

## I. FACTS

On January 4, 2013, Mr. Jones filed a Complaint against the Federal Bureau of Investigation (FBI), alleging retaliation and discrimination on the basis of gender and age in violation of Title VII, 42 U.S.C. § 2000(e) *et seq*. After intervening events examined in the Court's prior Opinion, the Court dismissed the suit without prejudice on July 1, 2015 because

1

Mr. Jones had failed to exhaust his administrative remedies with respect to any of his claims and provided no basis to excuse that failure. *See* Memorandum Opinion [Dkt. 33]. A full recapitulation of the facts is not necessary, as they are laid out in this Court's prior Opinion. *See id.*

In the instant motion, Mr. Jones asks this Court to consider four cases in revisiting its dismissal of his case without prejudice, vacate the dismissal, and "issue an opinion distinguishing the conflicts between the controlling precedents and the July 1 decision, and remand for further proceedings." Mot. for Reconsideration at 4.[1] Mr. Jones followed his motion with a reply. As the government submitted no response to the motion, this Court considers only the arguments made in Mr. Jones' motion and reply. For the reasons explained below, the motion will be denied.

## II. LEGAL STANDARD

Mr. Jones filed a Motion to Reopen Based on Change in Law, or in the Alternative, Based on Oversight, which is terminology unknown to this Court. Based on the relief requested, the Court finds that Mr. Jones' motion should be construed as a Motion for Reconsideration under Rule 60(b)(6).

The Federal Rules of Civil Procedure do not specifically address motions for reconsideration. *See Estate of Klieman v. Palestinian Auth.*, 82 F. Supp. 3d 237, 241-42 (D.D.C. 2015). However, the Rules provide three pathways for those seeking reconsideration of judicial decisions. Rule 54(b) permits reconsideration of interlocutory judgments. Fed. R. Civ. P. 54(b).

---

[1] The cases cited in Mr. Jones motion are *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015); *Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975 (2017); *McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365 (Fed. Cir. 2010); and *Jones v. Dep't of Health and Human Services*, 834 F.3d 1362 (Fed. Cir. 2016).

Rule 59(e) permits a party to seek reconsideration of a final judgment within 28 days of that judgment. Fed. R. Civ. P. 59(e). Rule 60 permits a party to seek reconsideration of a final judgment either (a) to correct a mistake arising from an oversight or omission or (b) to seek relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(a), (b); *see also Gates v. Syrian Arab Republic*, 646 F.Supp. 2d 79, 83 (D.D.C. 2009). Rule 60(b) requires that a motion alleging excusable neglect, newly discovered evidence, or fraud be filed within one year of the judgment, while motions under other grounds must be filed "within a reasonable time." Fed. R. Civ. P. 60(b).

"The granting of a Rule 60(b) motion is discretionary, and need not be granted 'unless the district court finds that there is an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice.'" *Mitchell v. Samuels*, 255 F. Supp. 3d 212, 214 (D.D.C. 2017) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). More specifically, the granting of motions under Rule 60(b)(6) should be limited to "extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). The D.C. Circuit has echoed that sentiment in observing that Rule 60(b)(6) motions "should be only sparingly used," *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir.1980), and are not an opportunity for unsuccessful parties to "take a mulligan." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007).

3

### III. ANALYSIS

Mr. Jones moves this Court to reconsider its order granting Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment. *See* 7/1/15 Order [Dkt. 34]. Because that order adjudicated all of Mr. Jones' claims in this case, he is foreclosed from relief under Rule 54(b), which permits reconsideration and revision of orders or decisions adjudicating fewer than all the claims at issue in a case. *See* Fed. R. Civ. P. 54(b). Having filed his motion for reconsideration more than 28 days after the entry of the dismissal order, the relief Mr. Jones seeks is also prohibited by Rule 59(e) and must be considered solely under Rule 60. *See* Fed. R. Civ. P. 59(e), 60. *See McMillian v. District of Columbia*, 233 F.R.D. 179, 180 n. 1 (D.D.C.2005) (holding that motions to reconsider filed within ten days of judgment are reviewed under Rule 59(e) and those filed after ten days are treated under Rule 60(b)). [2]

Mr. Jones does not assert in his motion or reply that a mistake, excusable neglect, newly discovered evidence, or fraud are at issue here. Nor does he argue that this Court's judgment is void, has been satisfied, released, discharged, or was based on an earlier judgment that was reversed or vacated. Instead, Mr. Jones bases his motion on "change in law" or "oversight." Mr. Jones does not move under an established rule, but his motion suggests arguments similar to those often raised under Rule 60(b)(6), which permits reconsideration for "other" reasons. The Court therefore will assess his motion for reconsideration under that Rule, in keeping with the well-recognized principle that *pro se* litigants are "allowed more latitude than litigants represented by counsel," which includes applying less stringent standards to *pro se*

---

[2] The 2009 Amendment to Rule 59(e) extended the filing deadline from ten days to 28 days.

pleadings than formal pleadings drafted by lawyers. *Moore v. Agency for Intern. Development*, 999 F.2d 874, 876 (D.C. Cir. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).[3]

### A. Change in Controlling Law

Mr. Jones argues that the four cases cited in his motion and accompanying reply necessitate reconsideration of this Court's prior dismissal of the case without prejudice. The Court interprets this as an argument for reconsideration under Rule 60(b)(6) based on a change in controlling law. *See Firestone*, 76 F.3d at 1208. Unfortunately, the cases cannot bear the weight of Mr. Jones' argument.

In *United States v. Kwai Fun Wong*, the Supreme Court held that the time limitations applicable to suits brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401(b), were non-jurisdictional and were therefore subject to equitable tolling. 135 S. Ct. 1625 (2015). This case is inapposite because Mr. Jones' case was neither brought under the FTCA, nor did it suffer from a deficiency that could be cured by equitable tolling.[4]

*Jones v. Dep't of Health and Human Services* was a decision issued by the Federal Circuit, and is therefore not binding on this Court. *See* 834 F.3d 1361 (Fed. Cir. 2016). In that case, the Federal Circuit treated an appellant's prematurely filed notice of appeal from a non-final Merit Systems Protection Board (MSPB) decision as "effectively stayed until the underlying agency order bec[ame] final." *Id*. at 1365. In contrast, the D.C. Circuit, which issues decisions binding on this Court, has limited its interpretation of "judicially reviewable action" to an action that is subject to judicial review as of the time the plaintiff files suit. *Butler v. West*,

---

[3] Though Mr. Jones is, in fact, an attorney, the Court reviews his pleadings under the more forgiving *pro se* standards.

[4] The Supreme Court has previously held that equitable tolling of statutory time limits is available in Title VII suits against the United States. *See Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89 (1990).

5

164 F.3d 634, 639 (D.C. Cir. 1999) (addressing 5 U.S.C. § 7702(e)(1)(B)). Therefore, *Jones* offers no support for Mr. Jones' assertion of a change in controlling law.

Similarly, *McCarthy v. Merit Systems Protection Board* is a Federal Circuit case, which does not provide this Court with a change in controlling law to consider. *See* 809 F.3d 1365 (Fed. Cir. 2016).

Mr. Jones also asserts that his case was "unlawfully bifurcated between the Federal Circuit and the district court," Def.'s Reply at 2, in contravention of the Supreme Court's later decision in *Perry v. Merit Systems Protection Board*. *See* 137 S. Ct. 1975 (2017). In *Perry*, the Supreme Court held that judicial review of a mixed-case MSPB dismissal based on jurisdiction lies with the district court. *Perry* is mandatory authority, but it has no bearing on the dismissal of Mr. Jones' case for failure to exhaust his administrative remedies.[5] Mr. Jones chose to file suit under Title VII in this Court on January 4, 2013, alleging discrimination on the basis of gender and age. Compl. ¶¶ 19-31. His claims were dismissed because they were not filed according to the simple rule: "file in the time allotted, and neither before nor after." *Hooker-Robinson v. Rice*, No. 05-321, 2006 WL 2130652, at *3-4 (D.D.C. July 27, 2006). Mr. Jones' argument that his claims were "unlawfully bifurcated" fails. The fact that the district court may have been a proper forum for all of his claims does not change the fact that Mr. Jones was required to exhaust the administrative remedies available before the MSPB before filing a complaint in federal court. *See Williams v. Munoz*, 106 F. Supp. 2d 40, 43 (D.D.C. 2000) ("A plaintiff is required to exhaust [his] claims in the forum [] he has chosen before filing a civil action."). Because Mr. Jones failed to do so, his case was dismissed.

---

[5] It should be noted that Mr. Jones has provided no basis, and this Court finds none, to construe the *Perry* holding as applying retroactively.

None of the four decisions cited by Mr. Jones provides a change in controlling law applicable to his case that would support a motion for reconsideration under Rule 60(b)(6).

### B. Federal Circuit

Mr. Jones alleges that the Federal Circuit's decision affirming MSPB's dismissal of his MSPB appeal for lack of jurisdiction is contrary to law and should be "reopened." The Supreme Court denied Mr. Jones' petition for a writ of certiorari on appeal from the Federal Circuit. *Jones v. MSPB*, No. 2016-1711 (Fed. Cir. January 10, 2017), *cert. denied* (October 2, 2017). Mr. Jones also argues that this Court should "reopen the Federal Circuit's […] ruling," due to several alleged errors in that holding. Mot. for Reconsideration at 4-14. This Court does not sit to review decisions of the Federal Circuit; there are no grounds for this Court to reconsider its dismissal of Mr. Jones' case without prejudice.

## IV. CONCLUSION

For the reasons articulated above, the Court will deny Mr. Jones' Motion for Reconsideration [Dkt. 38]. A memorializing Order accompanies this Memorandum Opinion.


Date: May 25, 2018

/s/
ROSEMARY M. COLLYER
United States District Judge